PER CURIAM:
The claimant seeks $688.75 for damage to her vehicle which occurred after a traffic sign fell onto the hood of the vehicle on a road maintained by the respondent in Weirton.
The incident giving rise to this claim occurred on March 12, 1996. The claimant had parked her 1983 Buick Riviera on Pennsylvania Avenue in Weirton in the vicinity of a DeCaria’s restaurant where she worked. The weather was rainy and windy. The evidence adduced at hearing was that a traffic sign blew down onto the car, damaging the antenna, hood emblem, fender and front of the hood. The claimant submitted into evidence a repair estimate in the amount of $688.75, a significant portion of which involved body and paint work. Antenna repair was itemized as a $104.97 expense. Brandt Motor Company, of Steubenville, OH, had done some paint work on the vehicle shortly before the accident. When the claimant brought the vehicle to Brandt Motor Company for an estimate the company repainted and buffed part of the damaged area at no cost to the claimant. The claimant eventually repaired the antenna but the rest of the repairs were not done. The claimant carried liability insurance only. She subsequently gave the vehicle to her step-daughter.
The sign was described as a route designation sign, either for Route 105 or for Route 22. The respondent’s evidence was that the sign was replaced in May 1995 and that the respondent had no record of the sign blowing down, or of any subsequent repairs thereto. The evidence established that the standard sign installation involved a long upright metal sign post bolted to a short post driven into the ground.
The Court is of the opinion that the sign in question was under the control of the respondent and would not ordinarily have fallen had it been properly maintained. This kind of occurrence is one which does not normally happen in the absence of negligence. Therefore, under the doctrine of res ipsa loquitur, the Court is of the opinion that an award is warranted. The Court finds that the claimant’s out-of-pocket expenses were limited to the cost of repairing the antenna. Therefore the Court does hereby make an award in the amount of $104.97.
Award of $104.97.